DENNIS C. HALL et al., complainants,

*v.*

JOHN B. HALL et al., defendants.

[Decided November 6th, 1925.]

On bill, &c.   Decree on bill for instructions.

**Partnership—Decree on Bill For Instructions to Determine Whether Partnership Property Is Real or Personal—Surviving Parties' Power to Grant Bargain and Sell by His Individual Deed as Surviving Partner the Real Estate.**

This cause coming on to be heard *ex parte* in the presence of Gaston and Cranmer, solicitors of the complainants (a decree *pro confesso* having been entered against all the defendants), and the court having examined the pleadings and proofs, and considered the arguments of counsel thereon.

And it appearing therefrom that the bill of complaint in this cause was filed by Dennis C. Hall (also known as Dennis S. Hall) and Maud L. Hall (widow of James D. Hall, deceased), and Dennis C. Hall as administrator of the goods and chattels, &c., of James D. Hall, deceased, and that said James D. Hall and Dennis C. Hall were, at the time of and for many years prior to the death of said James D. Hall, partners in business as contracting carpenters and builders in Somerville; that pending the said partnership the said partners purchased from Cornelius A. Whitenack et al., with partnership funds, a house and lot on the corner of Bridge and Franklin streets, in Somerville, by deed dated April 16th, 1917, recorded in Somerset clerk's office, in book L, No. 15, page 439, as a permanent investment to provide a place of residence for said partners and also to provide a place where all the shop work of said firm was to be carried on, the deed for which was taken in the individual names of said partners and without reference to the partnership.   That

pending the said partnership the said partners purchased from Jacob B. Cornell and Theodore F. Cornell, with partnership funds, a vacant lot on the north side of Belle avenue, in Somerville, by deed dated December 1st, 1915, recorded in Somerset clerk's office in book V, No. 14, page 225, the deed being taken in the individual names of said partners without reference to the partnership.

That on this lot said partners erected a dwelling-house wholly with partnership funds and their own personal labor. That said last-mentioned lot was purchased and the said house was built thereon for speculative purposes to sell again whenever a satisfactory purchaser could be secured therefor.

That pending the said partnership the said parties purchased from Harriet E. Parry et al., with partnership funds at a cost of about $100 each eight vacant lots, each having a frontage of twenty-five feet located near the house and lot last above mentioned, and which were purchased for the purpose of controlling the immediate neighborhood of said house and lot and protecting it from undesirable neighbors, and for the purpose of selling again at a profit whenever satisfactory purchasers could be secured therefor.

And it appearing therefrom that, on April 7th, 1925, said complainants, Dennis C. Hall as surviving partner, and said Maud L. Hall, widow of said James D. Hall, deceased, entered into a written contract with one Jeannette D. Sperling to sell and convey to her the house and lot referred to in paragraph 3 of the bill, and being the premises conveyed to said James D. Hall and Dennis C. Hall by Jacob B. Cornell and Theodore F. Cornell by deed above referred to.

And it appearing therefrom that all the debts of the partnership have been paid with the exception of one of them, for which there are ample funds in bank to liquidate the same.

And it appearing therefrom that said bill was filed for the purpose of obtaining instructions as to the duties of said complainants in reference to the disposition of said several parcels of real estate, and whether the same or any part thereof, and, if any, which part in the winding up of the

affairs of said partnership and in the settlement of the estate of said James D. Hall is to be considered as real or personal property.

And whether the complainant Dennis C. Hall can, by his individual deed of conveyance as surviving partner of the firm of Hall Brothers, convey a good, marketable and indefeasible title to Jeannette D. Sperling to the real estate so contracted to be sold to her without joining therein with the heirs-at-law of said James D. Hall, deceased, in so far as the matters referred to in said bill are concerned.

And the court being satisfied that the house and lot situate on the corner of Bridge and Franklin streets, in Somerville, and purchased by the members of said firm from Cornelius A. Whitenack et al. by deed above mentioned, was purchased as and for a permanent investment and as a place of residence and part of the plant of said firm;

And the court being further satisfied that the other parcels of real estate referred to the bill, to wit, lot situate on the north side of Belle avenue, in Somerville, conveyed to James D. Hall and Dennis C. Hall by Jacob B. Cornell and Theodore F. Cornell, by deed dated December 1st, 1915, recorded in Somerset clerk's office in book V, No. 14, page 225, and also the eight lots designated in the bill as lots 293, 294, 295, 296, 297, 298, 299 and 300 on a map entitled "Northwood section No. 1 of the Cornell estates," conveyed to said James D. Hall and Dennis C. Hall, by deed of Harriet E. Parry et al., dated June 18th, 1917, recorded in Somerset clerk's office in book V, No. 19, page 411, were purchased, and the dwelling-house was erected on the Belle avenue lot for speculative purposes only, and to sell again at a profit as soon as satisfactory purchasers could be obtained therefor.

It is, on this 5th day of November, 1925, ordered, adjudged and decreed that the equity in the house and lot first referred to, situated on the corner of Bridge and Franklin streets, in Somerville, in the winding up of the affairs of the partnership and in the settlement of the estate of said James B. Hall be considered and treated as so much real estate; and it is further ordered, adjudged and decreed that

the equity in the other parcels described in the bill of complaint in the winding up of the affairs of the partnership and in the settlement of the estate of said James D. Hall, deceased, are to be considered as personal property.

It is further ordered, adjudged and decreed that Dennis C. Hall, the surviving partner, in order to wind up the affairs of said partnership, is empowered to grant, bargain, sell and convey by his individual deed as such surviving partner the real estate herein referred to as purchased by said partners for speculative purposes only, including the share of the deceased partner, James D. Hall therein, and give a good, marketable and indefeasible title thereto.

And it is further ordered that this decree may be recorded in the clerk's office of the county of Somerset and State of New Jersey.

E. R. WALKER, *C.*

Respectfully advised.

BAYARD STOCKTON, *A. M.*